NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SHARON HARDEN, *Plaintiff/Appellant*,

*v.*

CPLC ESTANCIA, LLC, *Defendant/Appellee*.

No. 1 CA-CV 21-0092
FILED 10-14-2021

Appeal from the Superior Court in Maricopa County
No. CV2020-006171
The Honorable James D. Smith, Judge

**AFFIRMED**

COUNSEL

Sharon Harden, Phoenix
*Plaintiff/Appellant*

Hull, Holliday, & Holliday, PLC, Phoenix
By Matthew Schlabach
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding
Judge Peter B. Swann and Judge David D. Weinzweig joined.

**M c M U R D I E**, Judge:

**¶1**         Sharon Harden appeals from the superior court's order denying her partial summary judgment motion and granting CPLC Estancia, LLC's cross-motion for summary judgment.[1] We reject Harden's arguments and affirm the judgment.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**         In May 2020, Harden, representing herself, filed suit against her landlord, Estancia, alleging violations of fair housing laws, breach of contract, willful negligence, breach of a warranty deed, and retaliation. She eventually filed a motion for partial summary judgment but included neither a statement of facts nor attached affidavits or other evidence. Instead, Harden argued she had a right to recover damages based on the assertions in her motion.

**¶3**         Estancia filed a response along with a cross-motion for summary judgment. Harden neither replied in support of her motion nor responded to Estancia. The superior court denied Harden's motion because she did not support it with a statement of facts or admissible evidence. The court then granted Estancia's cross-motion for summary judgment because Harden failed to respond.

**¶4**         Harden appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶5**         To begin, Estancia contends Harden's opening brief should be disregarded and this appeal dismissed for failure to comply with the Arizona Rules of Civil Appellate Procedure. Although we agree the opening brief is deficient, we address the merits of the appeal at our discretion. We note, however, that "[w]e hold unrepresented litigants in Arizona to the same standards as attorneys." *Flynn v. Campbell*, 243 Ariz. 76, 83, ¶ 24 (2017).

---

[1]         Harden originally also named Camelback 4001, LLC as a defendant in this case. But Harden did not obtain a separate summons in Camelback's name, nor did she serve Camelback. Camelback has made no filings. The caption has been amended to reflect the correct parties on appeal and to be used for all future filings in this case.

**¶6**       Summary judgment is proper when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). "We review a trial court's grant of summary judgment *de novo* and independently determine whether [the] court's legal conclusions were correct." *Goldman v. Sahl*, 248 Ariz. 512, 519, ¶ 16 (App. 2020). "We view the facts in the light most favorable to the party against whom summary judgment was granted." *In re Est. of Gardner*, 230 Ariz. 329, 331 ¶ 7 (App. 2012).

**¶7**       On a motion for summary judgment, a court generally considers statements from affidavits and depositions. *Prairie State Bank v. I.R.S.*, 155 Ariz. 219, 221, n.1A (App. 1987). "[A]n unsworn and unproven assertion is not a fact that a trial court can consider in ruling on a motion for summary judgment." *GM Dev. Corp. v. Cmty. Am. Mortg. Corp.*, 165 Ariz. 1, 5 (App. 1990).

**¶8**       Harden's motion for partial summary judgment lacked a statement of facts required by Arizona Rule of Civil Procedure 56(c)(3)(A). Further, the purported "facts" in her motion are not supported by admissible evidence. Thus, her motion for partial summary judgment was correctly denied.

**¶9**       Additionally, a court may summarily grant a motion if the opposing party fails to respond. Ariz. R. Civ. P. 7.1(b)(2). Estancia cross-moved for summary judgment, and Harden did not respond. Thus, Estancia's cross-motion for summary judgment was correctly granted.[2]

**¶10**       Finally, Estancia seeks attorney's fees and costs on appeal under its subsidiary's lease agreement with Harden. Contractual attorney's fees provisions are enforced according to their terms. *Chase Bank of Ariz. v. Acosta*, 179 Ariz. 563, 575 (App. 1994). The lease agreement includes a clause entitling the prevailing party in litigation arising out of the lease to reasonable attorney's fees and costs. As the prevailing party, Estancia is entitled to an award of attorney's fees and costs under the lease agreement after complying with Arizona Rule of Civil Appellate Procedure 21.

---

[2]       The superior court also found the materials Estancia submitted showed it was entitled to summary judgment. This court has reviewed the record and agrees.

## CONCLUSION

¶11        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA